IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DUANE O'MALLEY, | ) | |
| Plaintiff, | ) ) ) | 10 C 8200 |
| v. | ) ) | |
| DAVID NOVOSELSKY, Defendant, | ) ) ) ) | Hon. Charles R. Norgle |
| | ) | |
| JAMES AYRES, | ) ) ) | |
| Plaintiff, | ) ) | (consolidated) |
| v. | ) ) | 11 C 110 |
| DAVID NOVOSELSKY, | ) ) | Hon. Charles R. Norgle |
| Defendant. | ) ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the Court is Defendant David Novoselsky's ("Novoselsky") Motion to Disqualify attorneys Joseph T. Gentleman and Donald L. Johnson as counsel for Plaintiffs Duane O'Malley ("O'Malley") and James Ayres ("Ayres") (collectively, "Plaintiffs"). For the following reasons the Motion is granted.

**I. BACKGROUND**

In approximately November of 2008, O'Malley retained Novoselsky to act as an attorney to represent him in several lawsuits. O'Malley asserts the terms of the agreement were that

1

Novoselsky would charge O'Malley attorney fees of $250.00 per hour for the reasonable and necessary work performed by him and his associates. On December 27, 2010, O'Malley filed a lawsuit against his former attorney Novoselsky. O'Malley's complaint consists of three counts, which allege: (1) that he is entitled to a full accounting of all legal services and costs expended; (2) that Novoselsky breached their agreement by refusing to produce an accounting, refusing to return monies to O'Malley, and performing legal services that were neither reasonable nor necessary; and (3) that Novoselsky converted the monies deposited with Novoselsky. O'Malley demands the return of $161,000 of retained funds from Novoselsky in addition to punitive damages. Attorneys Donald L. Johnson ("Johnson") and Joseph T. Gentleman ("Gentleman") are counsel of record for this suit.

On January 7, 2011, Ayres filed a lawsuit against Novoselsky. Ayres was employed by Novoselsky as an attorney from 2005 to August of 2010. Ayres alleges that the terms of his employment with Novoselky included an agreement that he would be entitled to 33% of any monies paid to Novoselsky by clients brought to Novoselsky by Ayres in addition to the salary and other monies Novoselsky paid to him. One of the ten clients that Ayres alleges he brought in is Client J, from whom $161,000 was "received and earned." The parties do not dispute that Client J is O'Malley. Indeed, Ayres contends that he worked on certain matters for O'Malley while he was employed by Novoselsky and turned in time entries to Novoselsky.

Ayres' complaint against Novoselsky consists of four counts, which allege: (1) that Novoselsky has made statements to attorneys and or clients that are defamatory *per se*; (2) that Novoselsky has breached their agreement by failing to provide an accounting and by failing to pay Ayres for monies received from a multitude of clients, including O'Malley; (3) that he is

entitled to an accounting of all monies received by Novoselsky pertaining to matters he originated; and (4) that Novoselsky violated the Wage Payment and Collection Act, 810 ILCS 115. Attorney Gentleman is counsel of record for this suit.

On February 4, 2011, the Court granted Novoselsky's Local Rule 40.4 motion to consolidate related cases O'Malley v. Novoselsky, No. 10-CV-8200 (N.D. Ill. filed Dec. 27, 2010), with Ayres v. Novoselsky, No. 11-CV-110 (N.D. Ill. filed Jan. 7, 2011). Minute Order, Feb. 4, 2011. On February 28, 2011, Novoselsky moved the Court to disqualify Gentleman and Johnson as counsel for Plaintiffs. The Motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

"The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration . . . that a court may disqualify an attorney for failing to avoid even the appearance of impropriety." Commonwealth Ins. Co. v. Stone Container Corp., 178 F. Supp. 2d 938, 943 (N.D. Ill. 2001) (quoting Int'l Bus. Machs. Corp. v. Levin, 579 F.2d 271, 283 (3d Cir. 1978)). Nonetheless, "disqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary. Freeman v. Chi. Musical Instrument Co., 689 F.2d 715, 722 (7th Cir. 1982). While this measure protects the attorney-client relationship, at the same time, it deprives a party of their chosen counsel. Id. (citation omitted). There are situations where a motion to disqualify counsel is both legitimate and necessary, but there are concerns about the technical use of such motions to harass opposing counsel. Id.; see also Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 436 (1985). The moving

3

party therefore "bears a heavy burden of proving facts required for disqualification." Commonwealth Ins. Co., 178 F. Supp. 2d at 943 (citations omitted).

**B. Motion to Disqualify**

*1. Impermissible Conflict*

Novoselsky argues that Plaintiffs' attorneys must be disqualified from both cases pursuant to Local Rule 83.51.7.[1] Pursuant to Local Rule 83.51.7(b), "[a] lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client . . . unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after disclosure." L.R. 83.51.7(b). The Committee Comment to this rule explains that "[a]n impermissible conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." Id. cmt. *Conflicts in Litigation*.[2]

"The classic conflict of interest situation arises when a lawyer represents . . . two clients with opposing interests." Daniels v. United States, 54 F.3d 290, 294 (7th Cir. 1995). This classic conflict of interest situation is precisely what exists here. At least some of O'Malley's interests and Ayers'

---

[1] Local Rule 83.51.7 is one of the Rules of Professional Conduct for the Northern District of Illinois to which all counsel appearing before this Court must adhere. L.R. 83.50.1. The Local Rules of Professional Conduct are patterned after the ABA Model Rules of Professional Conduct. Andrew Corp. v. Beverly Mfg. Co., 415 F. Supp. 2d 919, 926 (N.D. Ill. 2006) (citing United States v. Hanhardt, 156 F. Supp. 2d 988, 999 (N.D. Ill. 2001)). Local Rule 83.51.7 is also substantially similar to Illinois Rule of Professional Conduct 1.7.

[2] The Court, along with others courts in this Circuit, embraces the language of the Committee notes. See, e.g., Rudzinski v. Metro. Life Ins. Co., No. 05 C 0474, 2007 WL 3171338, at *4 (N.D. Ill. Oct. 25, 2007).

4

interests are incompatible and opposing. For O'Malley to prove that he is entitled to the $161,000 retainer, he must show that neither Ayres nor Novoselsky performed the very same legal work that Ayers asserts was, in fact, performed. Put the other way, for Ayres to prove that he is entitled to his cut of the $161,000 retainer from Novoselsky, he must show that Ayres and Novoselsky performed reasonable and necessary work on O'Malley's files that O'Malley alleges is pure fiction. From this perspective, Plaintiffs' positions are fundamentally adverse. Gentleman and Johnson's representation of O'Malley therefore will be materially limited by Gentleman's responsibilities to Ayers under Local Rule 83.51.7(b). An actual conflict of interest is evident.

## 2. *Non-waivable Conflict*

The Court next examines whether the two-prong exception to Local Rule 83.51.7(b) applies to allow common representation of O'Malley and Ayers notwithstanding the conflict. First, the Court addresses whether O'Malley and Ayers consented to the common representation. Second, the Court evaluates whether Gentleman's belief that the representation will not be adversely affected is reasonable.

### *a. Consent After Disclosure*

Plaintiffs argue that the Motion should be denied because both clients have waived any potential conflict. The Court notes that in referring to the alleged waiver, Plaintiffs cite to the "certifications of James Ayres and Duane O'Malley attached as Exhibits 2 and 3 to the response to the motion for sanctions filed in O'Malley v. Novoselsky 10 C 82000." James Ayres' & Duane O'Malley's Resp. to Mot. to Disqualify 2. "A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record." DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999). Nonetheless, upon locating and examining these exhibits, the Court found

5

the Certification of Duane O'Malley unsigned. Even if Gentleman presented evidence of a waiver pursuant to Local Rule 83.51.7(b)(2), the Court would decline to recognize it because the conflict in this case is non-waivable pursuant to Local Rule 83.51.7(b)(1). See Murray v. Village of Hazel Crest, Nos. 06 C 1372, 06 C 3674, 06 C 3675, 06 C 3735, 2006 WL 3589969, at * 3-4 (N.D. Ill. Dec. 7, 2006); Midfirst Bank v. Curtis, No. 03 C 4975, 2006 WL 2787485, at * 2 (N.D. Ill Sept. 22, 2006).

### *b. Reasonable Belief the Representation Will Not Be Adversely Affected*

For a conflict of interest to be cured by consent, Local Rule 83.51.7(b)(1) requires that "the lawyer reasonably believes the representation will not be adversely affected." L.R. 83.51.7(b)(1). As the Committee Comment to the Local Rule explains, "with respect to material limitations on representation of a client, when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent." L.R. 83.51.7 cmt. *Disclosure and Consent*. As discussed above, Plaintiffs' positions are irreconcilably conflicted.

The issues in conflict involve not only claims concerning facts material to the claims of each plaintiff, but also claims against the same money. Competing claims to money retained by Novoselsky will have a substantial impact on any judgments entered in this case. An additional concern of the Court is the nature of the complaints—O'Malley seeks the return of an attorney retainer while Ayers seeks a portion of that retainer for originating and working on the O'Malley files. These litigants have interests at odds, but their lawyers are the same. "A lawyer owes a duty of loyalty to a client, which includes-among other things-a duty on the part of the lawyer to zealously (but within the bounds of the law and ethical conduct) advance the client's interest." Midfirst Bank,

6

2006 WL 2787485, at * 2. Because counsel cannot zealously and ethically advance one of his client's interests without undermining the other's interests, the Court finds that a disinterested lawyer would conclude that O'Malley and Ayers should not agree to common representation. See id. Plaintiffs' counsel cannot properly ask for a consent agreement or provide common representation on the basis of such consent. Accordingly, an irreconcilable conflict of interest exits that renders disqualification appropriate.

### 3. *Standing to Seek Disqualification*

Plaintiffs contend that the Court should deny the motion to disqualify based upon the proposition that only a former client may move to disqualify an attorney. See In re Yarn Processing Patent Validity Lit., 530 F.2d 83, 88 (5th Cir. 1976). Plaintiffs, however, failed to indicate in their citations to this case that it was decided in the United States Court of Appeals for the Fifth Circuit, and is therefore not binding on this Court. But even under Fifth Circuit case law, Plaintiffs' argument fails. See Brown & Williamson Tobacco Corp. v. Daniel Int'l Corp., 563 F.2d 671, 673 (5th Cir. 1977) ("Appellant has standing to seek disqualification even though it is not an aggrieved client because its attorneys are authorized to report any ethical violations in the case."). Although the Seventh Circuit has not directly addressed this issue, it has addressed the matter in the context of a criminal case. In United States v. White, the court determined that the prosecution not only has standing to move to disqualify a defendant's attorney, but has an obligation to do so where there is potential for ethical problems. 743 F.2d 488, 498 (7th Cir. 1984). Indeed, as the Seventh Circuit points out, "[c]ourts in other circuits have allowed persons other than the former client to move for disqualification." Id. (citing Kevlik v. Goldstein, 724 F.2d 844, 848 (1st Cir. 1984); United States v. Clarkson, 567 F.2d 270, 271 n.1 (4th Cir. 1977); Brown, 563 F.2d at 673); see also In re

Congoleum Corp., 426 F.3d 675, 686-87 (3d Cir. 2005) (finding that counsel had the right to raise the issue of professional misconduct in a motion to disqualify its opposing counsel).

Here, there is clear potential for professional misconduct where: (1) the representation of both O'Malley and Ayers by Gentleman violates the ethical standard set forth in Local Rule 83.51.7(b); and (2) the billing practices of O'Malley's former counsel, which includes Ayers, is alleged to be fraudulent and in violation of Illinois Rules of Professional Conduct 8.3 (reporting professional misconduct) and 8.4 (misconduct involving dishonestly, fraud, deceit, or misrepresentation).[3] This conclusion is also contemplated by the Local Rule. The Committee Comment states, "Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question." L.R. 83.51.7 cmt. *Conflict Charged by an Opposing Party*. Such is true here. The Court finds that Novoselsky's counsel has standing to raise and seek disqualification of opposing counsel.

4. *Disqualification*

The circumstances of the conflict, created by common representation of two clients with sharply adverse interests, renders it absolutely necessary to grant this Motion. See, e.g., Andrew Corp. v. Beverly Mfg. Co., 415 F. Supp. 2d 919, 926 (N.D. Ill. 2006). The Court therefore must determine the scope of disqualification. The parties dispute whether Johnson represents Ayres even though he has not filed an appearance in his case. Novoselsky points out that Johnson and Gentleman share an office at 33 North Dearborn, Suite 1401, and share the same phone number,

---

[3] Novoselsky brings to the Court's attention an e-mail authored by Gentlemen, which includes the following statement: "As for the O'Malley case, your client has produced bills that we will prove are falsified with respect to time entries 'created' by Novoselsky . . . . " Def.'s Reply in Supp. of Mot. to Disqualify 2.

8

(312) 263-7000. Furthermore, Novoselsky also asserts that Johnson and Gentleman routinely represent clients together. The Court accepts these representations as true, and determines that Gentleman's conflict of interest is imputed to Johnson. See Andrew Corp., 415 F. Supp. 2d at 926 ("Attorneys who are licensed to practice in this district are bound by the ethical obligations of the Rules of Professional Conduct in all aspects of their practice of law, not just when they have filed an appearance in a particular case before the court."). Indeed, "[i]t is well established that courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal and that the inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." Id. (quoting Parker v. Pepsi-Cola Gen. Bottlers, Inc., 249 F. Supp. 2d 1006, 1011 (N.D. Ill. 2003). Given the circumstances, the Court finds that Gentleman and Johnson should not represent either Plaintiff. Both Gentleman and Johnson are disqualified from both cases.

### III. CONCLUSION

For the foregoing reasons, the Motion is granted. Attorneys Gentleman and Johnson are disqualified as counsel for Plantiffs O'Malley and Ayres.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: June 14, 2011